

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00430-CV

John F. **DAVIS**,
Appellant

v.

**FARIAS ENTERPRISES LTD.**,
Appellee

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2010-CVT-001822D3
Honorable Rebecca Ramirez Palomo, Judge Presiding

PER CURIAM

Sitting:  Marialyn Barnard, Justice
Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  November 6, 2013

DISMISSED FOR WANT OF JURISDICTION

Appellant John F. Davis filed a notice of appeal seeking to appeal the trial court's order imposing sanctions against him, as attorney for the plaintiffs, for alleged discovery violations. Generally, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 196 (Tex. 2001). A judgment is final for appellate purposes if it disposes of all pending parties and claims in the record. *Id.* After reviewing the clerk's record, it appeared to the court that the sanctions order was interlocutory and unappealable because the plaintiffs' claims against the defendants were still pending, and there is no authority permitting an interlocutory

appeal from a discovery sanctions order. *See Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007) (holding appellate courts have jurisdiction to consider interlocutory orders only if statute explicitly provides such jurisdiction). Accordingly, we ordered appellant to file a response in this court showing cause why this appeal should not be dismissed for want of jurisdiction.

Appellant filed a response and caused a supplemental clerk's record to be filed. In the September 3, 2013 supplemental clerk's record was a notice of nonsuit filed by the plaintiffs. The nonsuit was filed based on a proposed settlement agreement between the parties as to the substantive claims. Based on the nonsuit, it appeared all claims and parties had been disposed of, giving this court jurisdiction over the appeal from the sanctions order. We therefore reinstated the previously stayed appellate deadlines. However, on October 8, 2013, a second supplemental clerk's record was filed in this court. Although that record contains a September 3, 2013 order granting the plaintiffs' nonsuit, suggesting finality for purposes of appeal, the second supplemental clerk's record also contained a motion to set aside the nonsuit and reinstate the case, which was filed September 13, 2013. In that motion, the defendants asked the trial court to set aside the nonsuit and reinstate the case because the parties were ultimately unable to compromise and settle the matter. On October 1, 2013, within its plenary power, the trial court signed an order granting the motion to set aside the nonsuit and reinstating the case.

Based on the foregoing, it appeared to the court that the sanctions order from which appellant is attempting to appeal is again interlocutory and unappealable because the plaintiffs' claims against the defendant are still pending as a result of the trial court's October 1, 2013 reinstatement order. *See Koseoglu*, 233 S.W.3d at 840; *Lehmann*, 39 S.W.3d at 196. Accordingly, we ordered appellant to file a response in this court on or before October 21, 2013, showing cause why this appeal should not be dismissed for want of jurisdiction.

In response, appellant filed a motion asking this court to abate the appeal. We denied this motion on October 23, 2013, and in the order reminded appellant of the requirement that he show cause why the appeal should not be dismissed for want of jurisdiction. We ordered appellant to show cause on or before noon on October 25, 2013. Appellant has not filed a response showing cause why this appeal should not be dismissed for want of jurisdiction.

Accordingly, because all pending parties and claims have not been disposed of, we hold we have no jurisdiction over this appeal. *See Lehmann*, 39 S.W.3d at 196. We therefore dismiss the appeal for want of jurisdiction.

PER CURIAM